Knox, Appellee, v. Metropolitan Life Ins. Co., Appellant.

[Cite as Knox v. Metropolitan Life Ins. Co., 12 Ohio App. 2d 5.]

(No. 9957—Decided February 14, 1967.)

*Messrs. Goodman & Goodman,* for appellee.
*Messrs. Marble & Vordenberg,* for appellant.

Hildebrant, P. J. This appeal on questions of law direct from the Cincinnati Municipal Court is from a judgment entry of April 14, 1966, reciting that the case was tried upon an agreed statement of facts filed herein. A complete copy of the stipulation of facts is set forth herein as follows:

"Now come both the plaintiff and defendant by their respective attorneys herein and stipulate as true the following facts.

"1. The plaintiff, Richard Knox, was an hour-rated em-

ployee of General Electric Company in Evendale, Ohio, during the years 1964 and 1965.

"2. As such employee the plaintiff was insured under a Group Policy issued by the defendant, Metropolitan Life Insurance Company, to General Electric Company, called the 'General Electric Insurance Plan, as revised September 30, 1963' which provided various types of insurance and benefits among which was weekly sickness and accident insurance, the applicable part of which weekly sickness and accident insurance here involved provided as follows:

" 'If you become totally disabled as a result of nonoccupational sickness or accident while you are participating in this Plan, you will be paid a weekly amount equal to one-half your normal straight-time weekly earnings with a minimum weekly benefit of $32.50 and a maximum weekly benefit of $100. The minimum is $35. a week for anyone with normal straight-time annual earnings of at least $3000.

" 'Benefits will start with the eighth day you are totally disabled (or with the first day of your confinement in a hospital as a bed patient, if earlier) and will continue during your total disability up to a maximum of 26 weeks.

" 'If after you return to work you again become disabled from a different and unrelated cause, you again become eligible for full benefits.

" 'Of course, to collect these benefits you must be under the care of a physician for the treatment of your disability and your claim must be certified by a physician.'

"3. On May 8, 1964, plaintiff applied to his employer for sick leave on the representation that he was disabled as the result of a nonoccupational right direct inguinal hernia, in connection with which he made written application for sickness weekly benefits under said insurance plan, supported by successive written reports made by his attending physician, Dr. Joseph J. Bell, Provident Bank Building, Cincinnati, Ohio, the first of which was dated May 22, 1964, and a copy thereof is hereto attached marked Exhibit No. 1.

"A subsequent written progress report dated June 5, 1964, signed by Dr. Bell and filed by plaintiff on June 8, 1964, a copy of which is hereto attached marked Exhibit No. 2.

"4. In early June 1964, plaintiff notified defendant of cataract condition, and a written report was filed as required by defendant; that plaintiff was admitted to the Jewish Hospital on June 11, 1964, for cataract extraction surgery on both eyes under the care of Dr. Ira Abrahamson, the medical bills for hospitalization and surgery for which were paid by defendant under another provision of the policy.

"5. That without having the recommended hernia surgery performed, although continuing to demand and receive weekly sickness disability payments on the basis of his said application for sick leave for a full 26-weeks, he returned to work on December 8, 1964.

"6. That for the period of claimed disability commencing May 8, 1964, plaintiff received 26-weeks of sick benefits at $65.12 per week, that being one-half of his normal straight time weekly earnings, a total of $1,693.12.

"7. That plaintiff continued to work until February 4, 1965, when he took sick leave because of the same right direct inguinal hernia which was then corrected by surgery performed by Dr. Edward H. Sachs at Jewish Hospital on April 27, 1965.

"8. That plaintiff has not since returned to work for his employer, General Electric Company.

"9. That plaintiff's claims for weekly sickness benefits on and after February 5, 1965, have been denied by the defendant on the ground that the disability was not a different and unrelated cause but from the same cause to wit, right direct inguinal hernia for which he applied for sick-leave benefits in 1964."

Exhibits No. 1 and No. 2 of May 22, 1964, and June 5, 1964, respectively, show the attending physician's statement on each occasion of the need of immediate surgical repair.

Upon the above stipulation of facts and the exhibits, the trial court found for the plaintiff and gave judgment in the stipulated amount.

It is clear that on May 8, 1964, plaintiff applied for and was granted sick leave based on inguinal hernia and was compensated in full under the terms of the policy. It is also clear that while on sick leave due to inguinal hernia, plaintiff had a cataract condition requiring surgery of which he gave notice to

8

defendant and proceeded to undergo, the costs of which were paid by defendant under another provision of the policy. Although during the 26-week period of his sick leave due to inguinal hernia he might also have undergone the necessary corrective surgery, he failed to do so but at the end of such period returned to work for a short time and, again, a few weeks later applied for sick leave based on his inguinal hernia.

The plain, unambiguous terms of the policy required denial of his second request for the same reason.

In granting judgment for the plaintiff, the trial court must have construed the policy so that the notice of an additional and concurrent disability during the time of the sick leave granted for inguinal hernia somehow substituted for that leave one granted for an eye complaint.

In making such a construction, or any construction for that matter, the court was in error—there is no ambiguity and hence no room for construction in the terms of the policy.

The judgment of the Cincinnati Municipal Court is reversed and final judgment for the defendant may be entered in this court.

*Judgment reversed.*

LONG and HOVER, JJ., concur.